**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4228**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT FRAYER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:17-cr-00019-DCN-1)

Submitted: October 19, 2018                    Decided: October 24, 2018

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alicia Vachira Penn, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Frayer appeals his sentence at the bottom of his Guidelines range after he pled guilty to two counts of possession with intent to distribute and distribution of heroin and being a felon in possession of a firearm. On appeal, Frayer's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether the district court abused its discretion in sentencing him to 188 months in prison. Frayer has filed a pro se supplemental brief raising the issue of whether his counsel was ineffective.* We affirm.

We review a criminal sentence under a deferential abuse-of-discretion standard, looking first to whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). "A district court must provide a sufficient explanation of its rationale to enable review, and must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Shephard*, 892 F.3d 666, 672 (4th Cir. 2018) (internal quotation marks and citations omitted). If the sentence is procedurally sound, we consider its substantive reasonableness. *Blue*, 877 F.3d at 517. "A within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017). "A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when

---

* Frayer also questions whether his appeal waiver was knowing and voluntary. Since the Government does not seek to enforce the waiver, we need not decide this issue.

measured against the [18 U.S.C.] § 3553(a) factors." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015) (internal quotation marks and citation omitted). We will not consider a claim of ineffective assistance of counsel on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (citation omitted).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Frayer at the bottom of his Guidelines range to 188 months in prison. The sentence was both procedurally and substantively reasonable. We further conclude that no ineffective assistance of counsel conclusively appears on the face of the record, and we therefore decline to consider this issue on direct appeal.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3